

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **FLOYD L. WILLIAMSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| **v.** ) | |
| ) | **5:15-cv-01988-HNJ** |
| **KATHERINE MALMAY-BAZEMORE;** | |
| **RUSSELL BAZEMORE; DAVID** ) | |
| **HART; COCOON RESOURCES,** ) | |
| **INC.; VOLATILE ANALYSIS** ) | |
| **CORPORATION; ZAEN ENERGY** ) | |
| **CORPORATION;** ) | |
| ) | |
| **Defendants.** ) | |

## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' RENEWED MOTION TO ENFORCE SETTLEMENT AGREEMENT

COME NOW the Defendants designated in Plaintiff's Complaint as Katherine Malmay-Bazemore, Russell Bazemore, David Hart, Cocoon Resources, Inc., Volatile Analysis Corporation and ZAEN Energy Corporation, and in Reply to the Plaintiff's recent Response to the Renewed Motion to Enforce Settlement Agreement, would state as follows:

1.     Plaintiff's Response generally fails to properly relay the circumstances and/or the outcome of the hearing before Judge Davis. Judge Davis indicated that the only issues that he had was understanding the nature of the intellectual property rights

being assigned. Both Mr. Williamson and the Defendants acknowledged that they were aware and familiar with the intellectual property being assigned.

2.    The only issue at the hearing was the appropriate documentation necessary to consummate the Settlement Agreement, including intellectual property and stock assignments. The Court instructed the Defendants to prepare the appropriate documentation for submission to the Plaintiff for his review.

3.    The Defendants prepared the appropriate documentation and submitted it to Mr. Williamson for review. Mr. Williamson delayed his response despite repeated requests for reply and/or a stated position with respect to the settlement documentation forwarded to him by Defendants' counsel.

4.    At the last hearing Judge Davis attempted to explain to Mr. Williamson that the process proposed by the Defendants was the appropriate process to complete the assignment of the intellectual property interests and stock under the terms of the Settlement Agreement reached at mediation. That said, Judge Davis explained that since he did not have specific documentation, the original Motion to Enforce was premature.

5.    The Defendants were given leave to re-file their Motion in the event that, after having prepared settlement documentation, issues could still not be resolved.

2

6.     Now that Mr. Williamson has the settlement documentation, the Defendants are simply trying to bring this matter to a conclusion.

7.     Having said the foregoing, undersigned counsel recently was contacted by an attorney, Dag Rowe, Jr., retained on behalf of Mr. Williamson. Mr. Rowe has since provided correspondence to undersigned counsel in an effort to resolve issues associated with the language set forth in the settlement documentation. A copy of that correspondence is attached hereto as Exhibit "A."

8.     Given the recent involvement of Mr. Rowe and Mr. Rowe's communication related to the documentation submitted to Mr. Williamson for settlement purposes, the parties are at this time trying to work towards a resolution with respect to the language contained within the settlement documentation.

9.     Should the parties be unable to resolve their differences with respect to the settlement documentation and language contained therein, the Defendants maintain that a hearing will be necessary.

> Respectfully submitted,
>
> /s/ A. Joe Peddy
> A. Joe Peddy (Bar ID: ASB-2348-e63a)
> Email: ajp@ssp-law.com

3

/s/ Robert B. Stewart
Robert B. Stewart (Bar ID: ASB-8967-t65-r)
Email: rob@ssp-law.com

*Attorneys for Defendants*

OF COUNSEL:
Smith, Spires, Peddy, Hamilton & Coleman, P.C.
2015 Second Avenue North, Suite 200
Birmingham, Alabama 35203
Telephone: (205) 251-5885
Facsimile: (205) 251-8642

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of September, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system and mailed same to the following party by U. S. Mail, postage prepaid:

Floyd L. Williamson
26157 Inwood Drive
Athens, Alabama 35613

/s/ Robert B. Stewart
Of Counsel

4

# EXHIBIT "A"

**Rob Stewart**
___

| | |
|---|---|
| **From:** | Dag Rowe Jr. <drowejr@wilmerlee.com> |
| **Sent:** | Tuesday, September 05, 2017 3:29 PM |
| **To:** | Rob Stewart |
| **Cc:** | Floyd Williamson |
| **Subject:** | Williamson v. Bazemore et al. |

Dear Rob:

I am writing to follow up about our telephone call from earlier today. As I mentioned during that call, I have not reviewed all of the settlement documents that may have been circulated, but I have reviewed (1) the proposed assignments from Zaen to Mr. Williamson, to carry out the transfers contemplated by Paragraph 2 of the Mediation Settlement Agreement; (2) the proposed assignments from Mr. Williamson to Zaen, to carry out the transfers contemplated by Paragraph 3 of the Mediation Settlement Agreement; and (3) the mutual release by and between Zaen (on the one hand) and the various Zaen shareholders enumerated in Paragraph 9 of the Mediation Settlement Agreement. I will address these three categories of documents in the next three paragraphs.

Mr. Williamson is ok with the assignments from Zaen to Mr. Williamson that have been circulated, but he would like all of the "Defendants," as that term was defined in the preamble to the Mediation Settlement Agreement, to be among the Assignors, rather than having Zaen as the sole Assignor. This change would seem to accord with the language of Paragraph 2 of the Mediation Settlement Agreement, which provides that "Defendants" are to assign certain specified technologies to Mr. Williamson.

Mr. Williamson is also ok with the proposed assignments from Mr. Williamson to Zaen, provided that he would like to eliminate the language in Paragraph 2 of those assignments which suggests that the subject technologies had been invented by Mr. Williamson in his capacity as employee of Zaen. Mr. Williamson disputes this characterization. That said, because this language does not do any functional work, we are confident that this paragraph could be reworded to eliminate this particular language without affecting Zaen's interests to be received under the subject assignments.

Mr. Williamson has managed to persuade the Zaen shareholders enumerated in Paragraph 9 of Mediation Settlement Agreement to give up their shares (thereby permitting Mr. Williamson to satisfy the condition set out in that paragraph); however, there is no requirement in the Mediation Settlement Agreement that these shareholders execute any release of whatever claims they may have against Zaen. As such, Mr. Williamson denies that he has any responsibility to require that these shareholders sign the proposed mutual release.

I am cc'ing Mr. Williamson on this email so that he can let me know if, by any chance, I have misstated Mr. Williamson's position.

Please give me a call if you'd like to discuss further.

Thanks,
Dag

S. Dagnal Rowe, Jr.
Wilmer & Lee, P.A.
100 Washington Street
Suite 200
Huntsville, Alabama 35801
256-533-0202 Telephone

256-533-0302 Facsimile
256-457-4690 Mobile
drowejr@wilmerlee.com